# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| Michael Livingston and Heather Livingston, | ) ) ) | C/A No.: 3:17-1985-JMC-SVH |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| Susan Luberoff, M.D.; South Carolina Department of Social Services; Angela Scott; Richland County Sheriff's Department; Richland County Deputy Sheriff Misty Puckett; Richland County Lieutenant Don Robinson; and Kevin Preston, | ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

Michael and Heather Livingston (collectively "Plaintiffs" or "the Livingstons") brought this case alleging violations of their civil rights pursuant to 42 U.S.C. § 1983, related to the investigation and prosecution of Michael[1] for alleged abuse of their children. Plaintiffs sue Dr. Susan Luberoff, a physician who opined their children had been abused; the South Carolina Department of Social Services and its caseworker Angela Scott (collectively "DSS Defendants"); Richland County Sheriff's Department ("RCSD") and RCSD officers Misty Puckett, Don Robinson, and Kevin

---

[1] Because Plaintiffs share the same last name, the court refers to them by their first names for ease of reference.

Preston (collectively "RCSD Defendants") (all defendants collectively "Defendants").

This matter comes before the court on the following motions: (1) Plaintiffs' motion to strike the affidavit of Kathryn Cavanaugh ("Cavanaugh") [ECF No. 56] and (2) Defendants' motion to strike the changes made to Michael's deposition errata sheet [ECF No. 76]; and (3) Plaintiffs' motion for a hearing on outstanding motions [ECF No. 78]. The motions having been fully briefed [ECF Nos. 73, 77, 79–81], they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). For the reasons that follow, the undersigned denies the motions.

I.      Plaintiffs' Motion to Strike Kathryn Cavanaugh affidavit

As an initial matter, the undersigned notes that neither of the motions to strike provide authority for "striking" the contents. Rather, the parties wish to exclude the material from consideration for purposes of summary judgment.

Attached to their motion for summary judgment, RCSD Defendants submitted the affidavit of Assistant Solicitor Cavanaugh. Plaintiffs seek to exclude Cavanaugh's affidavit because RCSD Defendants did not disclose her

as a witness in discovery or as an expert witness.[2] Although Cavanaugh was not identified as a witness in this case, Michael was aware that Cavanaugh was a prosecutor during his criminal proceedings and has knowledge related to the facts of his prosecution.

Rule 37(c)(1) governs exclusion of Cavanaugh's affidavit, providing two exceptions to the general rule excluding evidence that a party seeks to offer but has failed to properly disclose: (1) when the failure to disclose is "substantial[ly] justifi[ed]," and (2) when the nondisclosure is "harmless." Fed. R. Civ. P. Rule 37(c)(1); *see also S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Here, for purposes of summary judgment, the undersigned has relied on the affidavit only for a citation from the record that the criminal charges against Michael were *nolle prossed*. The undersigned has not considered Cavanaugh as an expert in this matter and gives no weight to any "expert" opinion expressed in her affidavit. Therefore, the undersigned's consideration of Cavanaugh's affidavit was for a limited purpose and the undersigned finds the non-disclosure harmless. Plaintiffs' motion to strike her affidavit is denied, but such ruling is without prejudice to Plaintiffs' right to file motions in limine prior to trial, if any, for the district judge's consideration.

---

[2] Plaintiffs assume Cavanaugh is offered as an expert witness because the last paragraph of the affidavit states that in her "professional and prosecutorial opinion," probable cause existed to arrest Michael. [ECF No. 56 at n. 2].

II.     Motion to Strike Michael's Errata Sheet to his Deposition

Upon review of his deposition, Michael submitted an errata sheet that attempts to substantially change his deposition testimony. For instance, in response to a question in which he responded only "Yes" during his deposition, his errata sheet reflects a new response that states "Yes, RCSD concocted this story when they refused to accept the truth from me, the truth that neither Heather nor I hurt our children. They coerced me into signing by threatening my family and ignoring my request for an attorney." [ECF No. 76-2 at 3]. In another example, when asked at his deposition: "Is it fair to say though that DSS dropped its case?", Michael initially stated "Yes, that's fair." Michael Dep. at 68:6–10. In his errata sheet, Michael attempts to change his answer to "Yes, it is fair to say that DSS did not 'drop' the case. They closed the case after 3.5 years of doing nothing but ignoring evidence proving they were wrong." [ECF No. 76-2 at 3].

The undersigned denies the motion to exclude the existence of the errata sheet and instructs the court reporter or officer to attach the errata sheet to the end of Michael's deposition pursuant to Fed. R. Civ. P. 30(e)(2). However, Plaintiff's original deposition remains a part of the record and may be used at trial subject to the Federal Rules of Evidence and the district judge's discretion. *See Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 383, 388–89 (2d. Cir. 1997 (finding that the changes made do not replace the

deponent's original answers; the original information remains part of the record and may be introduced at trial.").

III.   Plaintiffs' Motion for a Hearing

Plaintiffs' motion for a hearing states that the motion is "based on the grounds that the case is currently at a standstill and cannot even be mediated" until the court rules on the motion. [ECF No. 78]. Plaintiffs' motion is denied, and counsel is advised that any attempts to rush the court into making a judgment is improper. To the extent the parties and their counsel wish to resolve their disputes on their preferred timeline, they are free to do so. In cases in which they are unable to do so and file an action in this court, they must abide by the court's schedule. Furthermore, the court notes counsel requested and was granted multiple generous extensions of the deadlines in the court's scheduling order, culminating in a Fourth and Final Amended Scheduling Order. Plaintiffs will not be heard to complain of the delays in the progress of this action. Independently, the undersigned finds oral argument would not aid in the decisional process.

IT IS SO ORDERED.

Shiva V. Hodges

June 19, 2019                          Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge.