IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Livingston; Heather Livingston, | Civil Action No. 3:17-cv-01985-JMC |
| Plaintiffs, | |
| v. | **ORDER** |
| Susan Luberoff, *M.D.*; South Carolina Department of Social Services; Richland County Sheriff's Department; Misty Puckett, *Richland County Deputy Sheriff*; Don Robinson, *Richland County Lieutenant*; Kevin Preston, | |
| Defendants. | |

This action arises from an investigation of Plaintiffs Michael Livingston and Heather Livingston for alleged child abuse. The matter before the court is Plaintiffs' Motion for Leave to Appeal pursuant to Fed. R. Civ. P. 54(b). (ECF No. 113.) On February 21, 2020, the court granted motions for summary judgment for the South Carolina Department of Social Services and the Richland County Sheriff's Department, Deputy Sheriff Misty Puckett, Lieutenant Don Robinson, and Kevin Preston (collectively "RCSD Defendants"). (ECF No. 104 (noting that "the only cause of action remaining is Plaintiffs' defamation claim against Defendant Susan Luberoff").)

### I. LEGAL STANDARD AND DISCUSSION

Rule 54(b) permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). It was adopted "in view of the breadth of the civil action the Rules allow, specifically to avoid the possible injustice of

1

delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case." *Gelboim v. Bank of America Corp.*, 574 U.S. 405, 408 (2015) (internal quotation marks omitted). Moreover, the United States Court of Appeals for the Fourth Circuit has stated that "[t]he chief purpose of a Rule 54(b) certification is to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). Moreover, "Rule 54(b) certification is recognized as the exception rather than the norm. It should neither be granted routinely, nor as an accommodation to counsel." *Id.* (citations omitted). "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *Id.* (citation omitted). First, the district court must determine whether the judgment is final, in other words, that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (internal quotation marks omitted). Second, "the district court must determine whether there is no just reason for the delay in the entry of judgment." *Id*.

Here, Plaintiffs claim that "Order and Opinion (ECF No. 104) is a final judgment in all but name only. The issue of probable cause is the main issue in this case as against the dismissed Defendants" and "no just reason for delay exists." (ECF No. 113 at 2.) RCSD Defendants filed a Response consenting to "the entry of final judgment with respect to Plaintiffs' claims against them . . . RCSD Defendants agree only that it would be a proper exercise of the [c]ourt's discretion under Rule 54(b) to enter final judgment on all federal and state claims alleged against all of the dismissed Defendants, including RCSD Defendants." (ECF No. 114 at 2.)

The court finds that the Order and Opinion judgment entered on February 21, 2020, is final and that there is no just reason for delay in the entry of judgment. *See Braswell Shipyards,* 2 F.3d at 1335.

## II. CONCLUSION

For the reasons stated herein, the court **GRANTS** Plaintiffs Michael Livingston and Heather Livingston's Motion for Leave to Appeal (ECF No. 113).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 8, 2020
Columbia, South Carolina

3